UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| ELLIOTT CHERRY, | : | CASE NO. 5:04-CV-31 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No.16, 20] |
| STUART HUDSON, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 7, 2004, Petitioner Cherry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Cherry seeks relief from the judgment and sentence that Ohio imposed following his conviction on one court of child endangering and murder with the predicate offense of child endangering. *Id.* Respondent Stuart Hudson opposes the petition. [Doc. 10.]

On August 15, 2006, William H. Baughman, Jr. filed a Report and Recommendation that recommended the Court dismiss in part and deny in part the Petitioner's writ. [Doc. 16.] The Petitioner objects to the Magistrate Judge's Report and Recommendation [Doc. 20.] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

I. Background

As the Magistrate Judge's Report more fully discusses, the Petitioner was convicted before the Court of Common Pleas, Summit County, of child endangering and murder, in violation of R.C.

-1-

Case No. 5:04-CV-31
Gwin, J.

§ 2903.02(B) and R.C. § 2919.22(B)(1). [Doc. 16.]  The Petitioner's conviction arose from his actions on the evening of May 1, 2001, when he fatally injured the Petitioner's girlfriend's thirteen-month-old Elijah Kimbrough. *Id.*  Specifically, the Petitioner confessed prior to trial that he "backhanded Elijah in the stomach" once. *Id.*  Autopsy results subsequently showed that blunt force trauma to the abdomen caused the child's death. *Id.*

After the conclusion of the trial, the jury found the Petitioner guilty of child endangering and murder with the predicate offense of child endangering. *Id.*  The Court then sentenced the Petitioner to eight years incarceration for child endangering and fifteen years to life for murder. *Id.*  The Petitioner timely appealed his convictions to the state appellate court, which overruled all of his assignments of error and affirmed the judgment of the trial court on July 24, 2002. *Id.*

The Petitioner sought both reconsideration of this decision on appeal and to have the appellate court certify a conflict with another Ohio appeals court to the Ohio Supreme Court. *Id.*  The appellate court denied both the motion for reconsideration and the request for certification, leading the Petitioner to then timely appeal the appellate court's decision to the Ohio Supreme Court, which dismissed the Petitioner's appeal on December 18, 2002. *Id.*  The Petitioner failed to seek a writ of certiorari with the United States Supreme Court and his conviction therefore became final on March 18, 2003. *Id.*

On July 16, 2003, the Petitioner then sought to re-open his appeal under Ohio Appellate Rule 26(B)(1). *Id.*  The state appeals court denied this motion on August 6, 2003, finding that the Petitioner's application to re-open was untimely. *Id.*  On November 5, 2003, the Ohio Supreme Court upheld that decision, leading to the Petitioner filing his instant write of habeas corpus on January 17, 2004. *Id.* With this petition, Cherry raises the following five grounds for relief:

Case No. 5:04-CV-31
Gwin, J.

> 1. Murder, under R.C. 2903.02(B), and the predicate offense of child endangering in violation of R.C. 29219.22(B)(1) [sic] are allied offenses of similar import when the conduct supporting the child endangering is also used to support the murder charge. A conviction on both of these offenses is a violation of the multiple counts statute, R.C. 2941.24, and is a double jeopardy violation under section ten, article one of the Ohio Constitution and the Fifth Amendment of the United States Constitution.
>
> 2. Involuntary manslaughter is a lesser included offense of murder and the trial court's refusal to instruct the jury accordingly violated petitioner Cherry's right to due process of law under the Fourteenth Amendment to the United States Constitution.
>
> 3. R.C. 2903.02(B) is unconstitutional because it violates due process and equal protection rights as guaranteed by sections two and ten, article one of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
>
> 4. The trial court erred in not suppressing petitioner Cherry's statements to the Akron Police Department during the police interrogation when, under the totality of the circumstances, a reasonable person would not have believed he was [free] to leave, and the interrogating officers were required to give him his warnings required by Miranda v. Arizona (1966), 384 U.S. 436, therefore violating the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> 5. The petitioner was denied effective assistance of counsel in violation of Article I[,]Section 10 of the Ohio Constitution[,] and the Sixth and Fourteenth Amendment[s] to the U.S. Constitution for failing to raise the issue that petitioner was denied the effective assistance of trial counsel.

*Id.*

After Respondent filed a Return of Writ on March 29, 2004, Magistrate Judge Baughman filed a Report in which he recommends:

> dismissing Cherry's fifth ground for habeas relief as procedurally defaulted, denying three of the remaining four grounds (one, three, and four) since the state appellate court decision rejecting those claims was, in each case, not an unreasonable application of clearly established federal law, and dismissing the final ground (two) in that the asserted error does not violate any clearly established federal law.

Case No. 5:04-CV-31
Gwin, J.

*Id.* The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 20.] The Court considers each of the Petitioner's objections below.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). As noted in Magistrate Baughman's Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance. Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614

Case No. 5:04-CV-31
Gwin, J.

(internal quotations omitted) (quoting *Williams v. Taylor,* 529 U.S. 362). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. *See* 28 U.S.C. § 2254(e)(1).

III. Analysis

**A. Procedurally Defaulted Ground for Relief**

As was noted above, Petitioner Cherry argues in his fifth claims for relief that he "was denied effective assistance of counsel in violation of Article I[,]Section 10 of the Ohio Constitution[,] and the Sixth and Fourteenth Amendment[s] to the U.S. Constitution for failing to raise the issue that petitioner was denied the effective assistance of trial counsel." [Doc. 16.] The Petitioner originally raised this claim in his Rule 26(B) application, which the state courts did not consider substantively because of the application's untimely filing. *Id.* Magistrate Judge Baughman recommends that the Court deny this ground for relief as procedurally defaulted. *Id.* Petitioner Cherry objects to this recommendation. [Doc. 20.] Ultimately, the Court agrees with Magistrate Judge Baughman.

States bear the same obligation to protect the constitutional rights of criminal defendants as do federal courts. In order to prevent needless friction between the state and federal courts, a state

Case No. 5:04-CV-31
Gwin, J.

criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If, because of a procedural default, the petitioner can no longer present his claims to the state courts, then he has also waived those claims for purposes of federal habeas corpus review, unless he can demonstrate both cause for the procedural default, as well as actual prejudice from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485(1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

"Absent cause or prejudice, when a habeas petitioner fails to obtain consideration of a claim by the state courts due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, the claim is procedurally defaulted . . . " *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006). In deciding whether the petitioner procedurally defaulted a claim, the Court applies four criteria: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the courts actually enforced the procedural rule in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Court will excuse procedural default if the petitioner demonstrates good cause for the default and prejudice resulting therefrom. *See Wainwright*, 433 U.S. at 87. The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 172 (1982).

Here, neither party disputes that the instant case meets the first three prongs of the *Maupin* test, as (1) Petitioner Cherry did fail to file his Rule 26(B) application in a timely manner; and (2)

Case No. 5:04-CV-31
Gwin, J.

the Sixth Circuit has established that Ohio Appellate Rule 26(B) is an "adequate and independent" state law ground. See *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002). Accordingly, the Courts inquiry hinges on whether the Petitioner can establish cause for his failure to comply with Rule 26(B)'s time limitations.

Petitioner Cherry appears to say – in his cursory objection to the Magistrate's recommendation – that the Court should excuse any procedural default based upon the ineffectiveness of his appellate counsel. [Doc. 20.] This argument must fail, however, because it is well established under Ohio law that Rule 26(B) proceedings are discretionary in nature, such that no right to counsel attaches. *Morgan v. Eads*, 818 N.E.2d 1157, 1160 (2004). As such, the Petitioner cannot "predicate cause for his untimeliness on essentially a claim of ineffective assistance of counsel." [Doc. 16.] The Court therefore agrees with the Magistrate's recommendation that Petitioner Cherry has procedurally defaulted his fifth ground for relief.

**B.     Remaining Grounds for Relief**

*1.     Double Jeopardy*

In his objection to the Magistrate's recommendation, the Petitioner renews his first claim for relief. [Doc. 20.] Specifically, Petitioner Cherry says that Murder, under R.C. 2903.02(B), and the predicate offense of child endangering, under R.C. 2919.22(B), are allied offenses of similar import when the conduct supporting the child endangering is also used to support the murder charge. *Id.* Accordingly, the Petitioner argues that his conviction for both offenses based upon the single act of fatally striking a thirteen-month-old child impermissibly subjected him to double jeopardy. *Id.* The Magistrate recommends that the Court deny the Petitioner's claim because the state court's decision

Case No. 5:04-CV-31
Gwin, J.

was not contrary to clearly established federal law despite its failure to base its holding on controlling federal law addressing double jeopardy. [Doc. 16.] Again, the Court agrees with the Magistrate.

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: '[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb'" *Monge v. California*, 524 U.S. 721, 728 (1998) The purpose of the double jeopardy clause is to protect against both "successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Id.* To determine whether a criminal defendant is being subjected to multiple criminal punishments under two different statues for the same offense, reviewing courts must decide "whether each provision requires proof of a fact which the other does not." *Rutledge v. United States*, 517 U.S. 292 (1996) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

Here, both the Petitioner's felony murder conviction and his child endangering conviction required proof of something the other did not. [Doc. 16.] Specifically, Cherry's murder conviction required proof that his act of striking the victim proximately caused the victim's death. *Id.* Likewise, the Petitioner's child endangering conviction required proof that the victim was under the age of eighteen when the Petitioner struck him. *Id.* Accordingly, the Court finds that the Petitioner's convictions did not violate the double jeopardy clause and adopts the Magistrate's recommendation to deny the Petitioner's first ground for relief.

*2.      Ground Two: Due Process Violation*

In his second ground for relief Petitioner Cherry says that the trial court violated his right to due process by refusing to instruct the jury on involuntary manslaughter as a lesser included

-8-

Case No. 5:04-CV-31
Gwin, J.

offense of murder. [Doc. 20.] The Petitioner has not offered evidence of any established federal law mandating a jury instruction as to a lesser included offense in a non-capital case in either his writ or his objections to the Magistrate's report. Accordingly, the Court adopts in full and incorporates by reference the Magistrate's recommendation to dismiss the Petitioner's second ground for relief.

### 3. *Ground Three: Constitutionality of Ohio's Felony Murder Statute*

In his third ground for relief the Petitioner says that Ohio's felony murder statute, Revised Code Section 2903.02(B), "is unconstitutional because it violates due process and equal protection rights as guaranteed by sections two and ten, article one of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution." [Doc. 16.] Specifically, Petitioner Cherry argues that the statute is infirm because it does not require proof of any specific *mens rea* apart from the state of mind required by the predicate offense. *Id.* The Supreme Court expressly rejected this argument in *Hopkins v. Reeves*, holding that felony murder statutes that establish *mens rea* from the commission of the underlying felony are constitutional. 542 U.S. 88 (1998). Accordingly, the Court again adopts in full and incorporates by reference the Magistrate's Report and denies the Petitioner's third ground for relief.

### 4. *Ground Four: Miranda Violation*

In his fourth ground for relief Petitioner Cherry says that the trial court erred in not suppressing statements he made to the Akron Police Department during a police interrogation that occurred prior to the police providing the Petitioner with his *Miranda* warnings. [Doc. 16.] As the Magistrate notes, "[t]he essence of this claim is Cherry's contention that, pursuant to the holding in *Stansbury v. California*, he did not feel free to leave the interrogation session with the . . . police during which he offered a confession." *Id.* Accordingly, the Petitioner argues that any incriminating

Case No. 5:04-CV-31
Gwin, J.

statements he made prior to receiving his *Miranda* warnings were inadmissable at trial. [Doc. 20.]

A person is entitled to Miranda warnings "only where there is a restraint on freedom of movement associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121 (1983). In determining whether such "restraint on freedom of movement" exists, courts examine "whether, under the totality of the circumstances, a 'reasonable person would have believed that he was not free to leave.'" *Id.*

Here, the state appeals court held that the trial court did not commit error in determining that a reasonable person in the Petitioner's circumstance would have felt free to leave during the discussion with the police that resulted in his confession. [Doc. 16.] In reaching this decision, the state appellate court noted a number of factors, including the fact that the Petitioner (1) voluntarily went to the police station; (2) was not physically restrained at any point during the questioning; and (3) was explicitly told he was free to leave at any time. *Id.* Based upon these facts, the Court agrees that the trial court's decision does not constitute an unreasonable application of clearly established federal law. Accordingly, the Court adopts the Magistrate's recommendation and denies the Petitioner's fourth ground for relief.

## IV. Conclusion

For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Petitioner's requests for relief.

IT IS SO ORDERED.

Dated: March 12, 2007                          s/          *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE